OPINION
CHAGARES, Circuit Judge.
National Grange Mutual Insurance Company (“National Grange”) filed a declaratory judgement action concerning insurance coverage for a motor vehicle accident, and Mutual Benefit Insurance Company (“Mutual”) filed a counterclaim for declaratory judgment. Both insurers filed cross-motions for summary judgment pursuant to Fed.R.Civ.P. 56. requesting judgment in their favor on their respective complaints. The District Court granted summary judgment in favor of National Grange and denied Mutual’s cross-motion. For the reasons set forth below, this Court will affirm.
I.
Because we write solely for the benefit of the parties, we recite only the essential facts. Kebberly, Inc. provided landscaping, lawn services, excavating, and snow removal services. Michele Kebberly was the sole shareholder, as well as a salaried employee, of Kebberly, Inc. In 2003, a 2004 Chevrolet Tahoe (“Tahoe”) was purchased primarily for use by Kebberly, Inc. and registered to Kebberly, Inc. d/b/a Michele Kebberly and John T. Kebberly.[1] The Tahoe was added to the list of covered vehicles in the commercial automobile insurance policy that Kebberly, Inc. maintained with National Grange.
In late 2004, a 2005 Chevrolet Duramax was purchased for business-related use, and Ms. Kebberly began using the Tahoe primarily as a personal vehicle. In January 2005, at Ms. Kebberly’s request, the Tahoe was removed from the National Grange policy’s list of covered vehicles and placed on a personal automobile insurance policy issued by Mutual.
On May 25, 2007, Ms. Kebberly did not use the Tahoe at work. After work, she drove the Tahoe to Alibi’s, a tavern, to meet a friend who was also a Kebberly, Inc. customer. On the way to the tavern, Ms. Kebberly drove by Kebberly, Inc.’s job sites for the following day. At some point, Ms. Kebberly left Alibi’s and drove to another tavern, Bender’s Pit Stop, to spend time with a terminally ill friend. While driving home from Bender’s Pit Stop in the Tahoe, Ms. Kebberly was involved in a motor vehicle accident in which Donald Burton and Faith Burton were seriously injured. The Burtons filed suit against Ms. Kebberly in the Court of Common Pleas of Fayette County, Pennsylvania. Mutual retained counsel to defend Ms. Kebberly in the state court action.
*767 On February 29, 2008, National Grange filed a complaint for declaratory judgment against Ms. Kebberly, Kebberly, Inc., Donald Burton, and Faith Burton seeking a declaration that it did not have a duty to defend or indemnify Ms. Kebberly in the underlying state court action. On May 20, 2008, the District Court granted Mutual’s motion to intervene in the action.
The state court action was settled through private mediation on June 6, 2008. Mutual agreed to pay an undisclosed sum of money to the Burtons in exchange for a full and final release of Ms. Kebberly. On June 13, 2008, Mutual filed its own declaratory judgment action seeking a declaration that the National Grange liability coverage was the primary insurance policy and that National Grange was required to reimburse Mutual for the costs and expenses incurred in defending and settling the state court action.[2]
Both National Grange and Mutual filed motions for summary judgment. The District Court granted National Grange’s motion and denied Mutual’s motion. In so doing, the District Court determined that Ms. Kebberly did not meet the National Grange policy’s definition of “Who Is An Insured” because she was an employee of Kebberly, Inc. and an owner of the Tahoe. Mutual timely appealed.
II.
The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.
We review the District Court’s grant of summary judgment de novo, applying the same standard that it used. Lawrence v. City of Philadelphia, 527 F.3d 299, 310 (3d Cir.2008). We will affirm if “the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed. R.Civ.P. 56(c)(2). Where a contract is “subject to only one reasonable interpretation” it is appropriate for a court to determine its meaning as a matter of law. Emerson Radio Corp. v. Orion Sales, Inc., 253 F.3d 159, 163-64 (3d Cir.2001); accord Arnold M. Diamond, Inc. v. Gulf Coast Trailing Co., 180 F.3d 518, 521 (3d Cir.1999) (“When the meaning of contract language is at issue, we affirm a grant of summary judgment only if the contract language is unambiguous and the moving party is entitled to judgment as a matter of law.”).
III.
Mutual argues that the District Court erred by granting summary judgment in favor of National Grange because the National Grange exclusion does not apply when the employee co-owns the automobile with the insured employer. In the alternative, Mutual argues that its policy and the National Grange policy cover Ms. Keb-berly on a co-primary basis and that under the “other insurance” clauses of both policies, National Grange is proportionately liable for the defense and settlement costs.
The National Grange policy states in relevant part:
A. Coverage
We will pay all sums an “insured”' legally must pay as damages because of “bodily injury” or “property damage” to which this insurance applies, caused by an “accident” and resulting from the ownership, maintenance or use of a covered “auto”.
1. Who Is An Insured
The following are “insureds”:
*768 a. You for any covered “auto”.
b. Anyone else while using with your permission a covered “auto” you own, hire or borrow except:
(2) Your “employee” if the covered “auto” is owned by that “employee” or a member of his or her household.
Supplemental Appendix (“SA”) 17. Thus, the National Grange policy applies if the Tahoe is a “covered ‘auto’ ” and Ms. Keb-berly personally meets the criteria under “Who Is An Insured.”
The Declarations page of the National Grange policy lists a “1” under the “Covered Autos” column next to “Liability Insurance.” SA 11. This indicates that “Any ‘Auto’ ” is covered. SA 16. Thus, despite the fact that the Tahoe was removed from the schedule of covered vehicles before the accident, the National Grange policy still provides coverage if Ms. Kebberly falls within the definition of “Who Is An Insured.”
The District Court determined that because Ms. Kebberly was an employee of Kebberly, Inc. and an owner of the Tahoe at the time of the motor vehicle accident, the exception in subsection (b)(2) of “Who Is An Insured” applies and National Grange has no obligation to indemnify Mutual. Mutual argues that because Kebberly, Inc. also owned the vehicle, the policy language does not exclude Ms. Kebberly from coverage.
Assuming without deciding that Ms. Kebberly was acting with Kebberly, Inc.’s permission the night of the accident as required by subsection (b), she is excluded from coverage based on the fact that she owned the Tahoe. It is undisputed that Ms. Kebberly was an employee of Kebberly, Inc. when the accident occurred. It is also undisputed that Ms. Kebberly was listed on the Tahoe’s title. Under Pennsylvania law, “a titleholder is an owner of a vehicle.” Cicconi Auto Body v. Nationwide Ins. Co., 904 A.2d 933, 937 (Pa.Super.Ct.2006). The fact that there might be other owners in addition to Ms. Kebberly does not abrogate the fact that she remains an owner under Pennsylvania law. See id.
The plain language of the exclusion does not require sole ownership. It simply excepts the employee if the automobile “is owned by that ‘employee’ or a member of his or her household.” There is no genuine issue of fact that the Tahoe was “owned” by Ms. Kebberly, even if others had ownership rights to the same vehicle. Thus, Ms. Kebberly does not meet the definition of “Who Is An Insured” and National Grange has no duty to defend or indemnify Ms. Kebberly in the state court action.[3]
Because this Court concludes that the National Grange policy does not cover Ms. Kebberly with respect to this motor vehicle accident, there is no need to reach Mutual’s alternative argument that both policies provide primary coverage and the insurers are proportionately liable under the “other insurance” clauses in the policies.
IV.
For the foregoing reasons, we will affirm the judgment of the District Court.

. John T. Kebberly is Ms. Kebberly’s father.

. After the state court action settled, Ms. Keb-berly, Kebberly, Inc., and the Burtons were no longer interested parties in this action. Accordingly, the case was terminated with respect to those defendants.

. Mutual does not argue that subsection (a), which insures ‘'[Kebberly, Inc.] for any covered ‘auto,’ " provides coverage for Ms. Keb-berly's accident. Rather, Mutual argues that Ms. Kebberly was an employee with permission to drive a "covered 'auto' " under subsection (b). See Mutual Br. 15; Mutual Reply Br. 5. Accordingly, this Court need not decide whether Kebberly, Inc. was using the Tahoe within the meaning of subsection (a).